Allison Lane (SBN 152384)
Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001
E-Mail:   alane@duanemorris.com
          jfields@duanemorris.com

Attorneys for Defendant
LITTLER MENDELSON, P.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, | Case No. 4:24-cv-00166-JST |
| Plaintiff, | **DEFENDANT LITTLER MENDELSON, P.C.'S ADMINISTRATIVE MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** |
| v. | |
| TRADESHIFT, INC., a Delaware corporation, TRADESHIFT HOLDINGS, INC., a Delaware corporation, CHRISTIAN LANNG, an individual, MIKKEL HIPPE BRUN, an individual, GERT SYLVEST, an individual, MORTEN LUND, an individual, MORTEN SONDERGAARD aka MORTEN PEDERSEN and aka MORTEN BLINKSBJERG NIELSEN, an individual, JEFF RANSDELL, an individual, KING & SPALDING INTERNATIONAL, a United Kingdom business entity, LITTLER MENDELSON, P.C., a California professional corporation, HSBC HOLDINGS Plc, a United Kingdom business entity, KOCH INDUSTRIES, INC., a Delaware corporation, and DOES 1-100, inclusive, | Judge:   Hon. Jon S. Tigar<br><br>Complaint filed:   December 7, 2023<br>Removal filed:   January 9, 2024 |
| Defendants. | |

Pursuant to Civil Local Rules 6-3 and 7-11, Defendant Littler Mendelson, P.C. ("Littler") moves the Court to extend Littler's time to respond to Plaintiff's operative complaint either (1) within 21 days of the Court's issuance of a ruling on the pending motion to compel arbitration [ECF No. 20] or, alternatively, (2) to a later date which the Court believes is appropriate in light of the case schedule.

After being retained, counsel for Littler contacted Plaintiffs' counsel twice with a proposed stipulation to extend the time to respond. Plaintiff's counsel has not responded to either overture to date. With Littler's response deadline upcoming on March 8, 2024, Littler could not wait any longer to seek the requested extension from the Court.

Good cause exists for the extension for at least three reasons.

First, pending before the Court is Defendant Tradeshift's motion to compel arbitration, which seeks to send the entire action to arbitration. [ECF No. 20.] It would be inefficient to engage in extensive and time-consuming FRCP 12 motion practice with the motion to compel arbitration pending, when it is yet to be determined what venue will adjudicate the claims presented by Plaintiff.

Second, given the nature of the allegations and damages sought in this multi-party case, Littler requires more time to analyze the claims against it and prepare an anticipated Rule 12 motion to dismiss.

Finally, subject to the outcome of the motion to compel arbitration, Littler expects that other defendants will also file a Rule 12 motion. It would promote judicial and party economy, at least in Littler's view, if such motions are coordinated on a schedule that is mutually preferable for the parties and the Court's schedule given the potential overlap in issues to be addressed.

We appreciate the Court's attention to this request.

I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 7, 2023, Plaintiff filed the original complaint in this action.

On December 11, 2023, Plaintiff filed the operative First Amended Complaint, asserting claims for: (1) sexual assault and battery; (2) sex trafficking under the Trafficking Victims Protection Act and the California Trafficking Victims Protection Act; (3) participating in/aiding & abetting a sex trafficking operation; (4) emotional distress; and (5) negligence.

1   Plaintiff asserts the Third, Fourth, and Fifth Cause of Action against Littler, as well as other identified defendants. Plaintiff also seeks punitive damages and attorneys' fees. Suffice it to say at this point, Littler denies the allegations made against it. Littler does, however, note that Plaintiff is a stranger to its attorney-client relationship with Tradeshift.

On January 9, 2024, Defendant Tradeshift removed the action to federal court. [ECF No. 1.]

On January 31, 2024, the Court granted a stipulation between Tradeshift and Plaintiff setting a briefing and hearing schedule for Tradeshift's motion to compel arbitration. [ECF No. 15.] According to that schedule, Tradeshift filed its motion to compel arbitration on February 20, 2024, Plaintiff's opposition is due March 19, 2024, Tradeshift's reply is due April 2, 2024, and the hearing is April 18, 2024. (*Id.*) Littler had not been served at the time of this stipulation or the Court's order approving it.

On February 20, 2024, Tradeshift filed its motion to compel arbitration. [ECF No. 20.]

According to Plaintiff's proof of service, Litter was personally served on February 16, 2024. [ECF No. 24.] Per FRCP 12, that would make Littler's response deadline Friday, March 8, 2024.

On Monday, February 26, 2024, Littler's counsel, Allison Lane of Duane Morris LLP, emailed Plaintiff's counsel, (a) asking for their agreement to extend Littler's response deadline pending the outcome of the motion to compel arbitration, and (b) providing a stipulation to that effect. (See concurrently filed Declaration of Allison Lane ("Lane Decl."), Exhibit A, the 2/26/2024 email and stipulation.)

Having not received a response, on February 29, 2024, Ms. Lane again followed-up with Plaintiff's counsel, asking for a response by noon on March 1, 2024, so that Littler could timely seek relief from the Court if that would be necessary. (Lane Decl., Ex. B.) Having heard nothing as of this filing, Littler filed this motion.

**II.   GOOD CAUSE EXISTS TO EXTEND THE RESPONSE DEADLINE**

As stated in the Introduction, good cause exists for the extension for at least three reasons.

First, pending before the Court is Defendant Tradeshift's motion to compel arbitration, which seeks to send the entire action to arbitration. [ECF No. 20.] It would be inefficient to engage in extensive and time-consuming FRCP 12 motion practice with the motion to compel arbitration

pending, when it is yet to be determined what venue will adjudicate the claims presented by Plaintiff.

Second, given the nature of the allegations in this multi-party case and the significant alleged damages, Littler requires more time to analyze the claims against it and prepare an anticipated Rule 12 motion to dismiss.

Finally, subject to the outcome of the motion to compel arbitration, Littler expects that other defendants will also file a Rule 12 motion. It would promote judicial and party economy, at least in our view, if such motions are coordinated on a schedule that is mutually preferable for the parties and the Court's schedule given the potential overlap in issues to be addressed.

### III.   CONCLUSION

Little respectfully requests an extension of its response deadline to be either (1) within 21 days of the Court's issuance of a ruling on the pending motion to compel arbitration [ECF No. 20] or, alternatively, (2) to a later date which the Court believes is appropriate in light of the case schedule.

Dated: March 1, 2024                **DUANE MORRIS LLP**

By: /s/ Allison Lane
    Allison Lane
    Justin J. Fields
    Attorneys for Defendant
    LITTLER MENDELSON, P.C.