| | |
|---|---|
| 1 | Allison Lane (SBN 152384) |
| 2 | Justin J. Fields (SBN 259491) |
|   | **DUANE MORRIS LLP** |
| 3 | Spear Tower |
|   | One Market Plaza, Suite 2200 |
| 4 | San Francisco, CA 94105-1127 |
|   | Telephone: +1 415 957 3000 |
| 5 | Facsimile: +1 415 957 3001 |
|   | E-Mail:   alane@duanemorris.com |
| 6 |               jfields@duanemorris.com |
| 7 | Attorneys for Defendant |
| 8 | LITTLER MENDELSON, P.C. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, | Case No. 4:24-cv-00166-JST |
| Plaintiff, | **DEFENDANT LITTLER MENDELSON, P.C.'S ADMINISTRATIVE MOTION FOR PERMISSION TO FILE RESPONSE TO MOTION TO COMPEL ARBITRATION [ECF NO. 20]** |
| v. | |
| TRADESHIFT, INC., a Delaware corporation, TRADESHIFT HOLDINGS, INC., a Delaware corporation, CHRISTIAN LANNG, an individual, MIKKEL HIPPE BRUN, an individual, GERT SYLVEST, an individual, MORTEN LUND, an individual, MORTEN SONDERGAARD aka MORTEN PEDERSEN and aka MORTEN BLINKSBJERG NIELSEN, an individual, JEFF RANSDELL, an individual, KING & SPALDING INTERNATIONAL, a United Kingdom business entity, LITTLER MENDELSON, P.C., a California professional corporation, HSBC HOLDINGS Plc, a United Kingdom business entity, KOCH INDUSTRIES, INC., a Delaware corporation, and DOES 1-100, inclusive, | Judge:   Hon. Jon S. Tigar<br><br>Complaint filed:   December 7, 2023<br>Removal filed:     January 9, 2024 |
| Defendants. | |

Pursuant to Civil Local Rules 6-3 and 7-11, Defendant Littler Mendelson, P.C. ("Littler") moves for permission to file a response to Defendant Tradeshift's Motion to Compel Arbitration [ECF No. 20]. Littler is prepared to file a response by May 9, or as soon as the Court may order.

Littler raises this request now, because there is both: (1) a split of opinion amongst the parties about the propriety or scope of arbitration, and (2) it does not appear that all eleven defendants who may be impacted by the ruling on the Motion to Compel Arbitration (the "Motion") have had the opportunity to present their view to the Court. Plaintiff and Defendant Tradeshift entered into a stipulated order for the briefing schedule on the Motion before Littler was served with the complaint, and other defendants have not yet been served or responded to the Motion either. The Court vacated the hearing date on the Motion [ECF No. 36], indicating its intention to rule on the papers, while another defendant, Lanng, recently filed a Notice of Non-Opposition to the Motion [ECF No. 44]. In the present posture, Littler seeks to ensure that its position on arbitration is made known to the Court.

Accordingly, Littler seeks leave to submit a concise brief explaining its position on arbitration. In short, that position is that the claims against Littler are not subject to arbitration. Littler intends to move to dismiss the claims asserted against it, and contends that it should be afforded the procedural vehicles available in court to efficiently dispose of those claims.

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 7, 2023, Plaintiff filed the original complaint in this action.

On December 11, 2023, Plaintiff filed the operative First Amended Complaint, asserting claims for: (1) sexual assault and battery; (2) sex trafficking under the Trafficking Victims Protection Act and the California Trafficking Victims Protection Act; (3) participating in/aiding & abetting a sex trafficking operation; (4) emotional distress; and (5) negligence.

Plaintiff asserts the Third, Fourth, and Fifth Cause of Action against Littler, as well as other identified defendants. Suffice it to say at this point, Littler denies the allegations made against it.

On January 9, 2024, Defendant Tradeshift removed the action to federal court. [ECF No. 1.]

On January 31, 2024, the Court entered into an order briefing and hearing dates proposed in a stipulation between Tradeshift and Plaintiff for Tradeshift's Motion. [ECF No. 15.] Littler had not

been served at the time of this stipulation or the Court's order approving it. According to Plaintiff's proof of service, Litter was personally served on February 16, 2024. [ECF No. 24.]

The Court extended Litter's deadline to respond to the Complaint until June 6. [ECF No. 29.]

On April 5, 2024, the Clerk issued a notice vacating the Motion. [ECF No. 36.]

On April 30, 2024, Defendant Lanng filed a Notice of Non-Opposition to the Motion. [ECF No. 44.]

## II. GOOD CAUSE EXISTS TO PERMIT LITTLER THE OPPORTUNITY TO RESPOND TO THE MOTION TO COMPEL ARBITRATION

As noted, Littler had not been served with the Complaint when Plaintiff and Defendant Tradeshift entered into a stipulated order for the briefing schedule on the Motion. Plaintiff and Tradeshift obviously view the scope and propriety of arbitration differently. This includes whether the entire action should be sent to arbitration or only certain claims and parties, and what would happen to the remainder of claims and parties if only certain claims or parties are sent to arbitration.

At this point, it appears that only three or four of the _twelve_ named parties have provided their position on arbitration. As noted, those positions differ considerably.

Given that there is no scheduled hearing on the Motion, that Littler was not part of the stipulated briefing schedule on the Motion, and the competing and incomplete positions on the propriety of arbitration presently before the Court, Littler would like to ensure the Court has an opportunity to review and consider its perspective on arbitration before issuing a ruling that may impact the forum through which Littler defends against legal claims asserted against it.

## III. CONCLUSION

For the foregoing reasons, Littler respectfully requests permission to file a concise response to the Motion to Compel Arbitration.

Dated: May 3, 2024                    **DUANE MORRIS LLP**

By: _/s/ Allison Lane_
　　Allison Lane
　　Justin J. Fields
　　Attorneys for Defendant
　　LITTLER MENDELSON, P.C.