Allison Lane (SBN 152384)
Justin J. Fields (SBN 259491)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
Telephone: +1 415 957 3000
Facsimile: +1 415 957 3001
E-Mail:   alane@duanemorris.com
          jfields@duanemorris.com

Attorneys for Defendant
LITTLER MENDELSON, P.C.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>            Plaintiff,<br><br>      v.<br><br>TRADESHIFT, INC., a Delaware corporation, TRADESHIFT HOLDINGS, INC., a Delaware corporation, CHRISTIAN LANNG, an individual, MIKKEL HIPPE BRUN, an individual, GERT SYLVEST, an individual, MORTEN LUND, an individual, MORTEN SONDERGAARD aka MORTEN PEDERSEN and aka MORTEN BLINKSBJERG NIELSEN, an individual, JEFF RANSDELL, an individual, KING & SPALDING INTERNATIONAL, a United Kingdom business entity, LITTLER MENDELSON, P.C., a California professional corporation, HSBC HOLDINGS Plc, a United Kingdom business entity, KOCH INDUSTRIES, INC., a Delaware corporation, and DOES 1-100, inclusive,<br><br>            Defendants. | Case No. 4:24-cv-00166-JST<br><br>**DEFENDANT LITTLER MENDELSON, P.C.'S RESPONSE TO MOTION TO COMPEL ARBITRATION [ECF NO. 20]**<br><br>Judge:    Hon. Jon S. Tigar<br><br>Complaint filed:    December 7, 2023<br>Removal filed:      January 9, 2024 |

## I. INTRODUCTION

Plaintiff's claims against Defendant Littler Mendelson, P.C. ("Littler") are not subject to arbitration.

The Employment Agreement and Settlement Agreement that form the asserted bases for contractual arbitration, as set forth in Defendant Tradeshift's Motion to Compel Arbitration [ECF No. 20], do not support arbitration vis-à-vis Littler.

Put simply, Littler is not a party or signatory to either Agreement. Littler did not represent Tradeshift until approximately seven years after execution of the 2014 Employment Agreement. Plaintiff and Defendant Lanng are the parties to the Settlement Agreement. Neither of them was a Littler client. It is undisputed that Littler represented Tradeshift. [ECF No. 1-1 at p. 26, ¶ 45 (Plaintiff's First Amended Complaint); ECF No. 38 at p. 7, ¶ 45 (Defendant Lanng's Answer.)[1]

Littler is entitled to the procedural vehicles afforded by the court system to resolve Plaintiff's claims against it. Littler cannot be compelled to relinquish those procedural safeguards.

Littler takes no position here on claims asserted against other parties.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 7, 2023, Plaintiff filed the original complaint in this action. [ECF No. 1-1.]

On December 11, 2023, Plaintiff filed the operative First Amended Complaint, asserting claims for: (1) sexual assault and battery; (2) sex trafficking under the Trafficking Victims Protection Act and the California Trafficking Victims Protection Act; (3) participating in/aiding & abetting a sex trafficking operation; (4) emotional distress; and (5) negligence. [ECF No. 1-1.]

Plaintiff asserts the Third, Fourth, and Fifth Causes of Action against Littler, as well as other identified defendants. Suffice it to say that Littler denies the allegations made against it.

On January 9, 2024, Defendant Tradeshift removed the action to federal court. [ECF No. 1.]

On January 31, 2024, the Court entered a scheduling order for a motion to compel arbitration based on the stipulation between Tradeshift and Plaintiff. [ECF No. 15.]

---

[1] Page numbers correspond to the ECF page numbers, which may differ from the parties' pagination.

On February 20, 2024, Tradeshift moved to compel arbitration. [ECF No. 20.] Tradeshift cites Plaintiff's Employment Agreement and a Settlement Agreement as the bases for contractual arbitration of Plaintiff's claims. [ECF No. 20, at pp. 7-9.] The Employment Agreement was reportedly executed by Plaintiff on January 8, 2014. [ECF 19-3, ¶4, Ex. A.] The Settlement Agreement was reportedly executed by Plaintiff and Defendant Lanng in May 2022. [*Id*., ¶5, Ex. B.]

On March 19, 2024, Plaintiff opposed the Motion to Compel Arbitration. [ECF No. 30.] Among other arguments, Plaintiff contends that the referenced Agreements are invalid. [*Id*., at pp. 6-19.] Plaintiff also argues that if the Agreements are valid, the Court should refuse to enforce the contractual arbitration provisions pursuant to California Code of Civil Procedure section 1281.2(c) given the possibility of conflicting rulings of law and fact should only certain defendants be subject to arbitration while others are not. [*Id*., at pp. 19-20.]

On April 5, 2024, the Clerk issued a notice vacating the hearing on the Motion to Compel Arbitration. [ECF No. 36.]

On April 30, 2024, Defendant Lanng filed a Notice of Non-Opposition to the Motion. [ECF No. 44.]

On May 8, 2024, following an administrative motion for leave by Littler, the Court granted Littler permission to file this response to the Motion to Compel Arbitration. [ECF No. 48.]

### III. PLAINTIFF'S CLAIMS AGAINST LITTLER ARE NOT SUBJECT TO ARBITRATION

#### A. Littler Is Not A Party Or Signatory To The Employment Agreement Or Settlement Agreement From Which The Request To Arbitrate Derives.

"Contract law principles hold that non-parties to a contract are generally not bound by the contract." *Waymo LLC v. Uber Technologies, Inc.*, 870 F.3d 1342, 1345 (Fed. Cir. 2017) (affirming Northern District of California ruling (Hon. William Alsup) denying motion to compel arbitration). "A contract to arbitrate is not an exception." *Id*.; see also *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 ("[A] party cannot be required to submit to arbitration any dispute which [it] has not agreed so to submit.").

It is undisputed that Littler is not a party or signatory to <u>any</u> agreement by which arbitration is sought. Littler did not represent Tradeshift until 2021, approximately seven years after execution

of the Employment Agreement. As for the Settlement Agreement in 2022, it is undisputed that the parties and signatories were Plaintiff and Defendant Lanng, who both have admitted that Littler represented Tradeshift – not them.

As non-parties and non-signatories to the subject Agreements, circumstances do not exist by which Littler can be compelled to arbitrate Plaintiff's claims asserted against Littler.

### B. Littler Does Not Object To A Stay

Tradeshift's Motion proposes that if certain claims are sent to arbitration and others are not, that the latter ought to be stayed pending the arbitration. [ECF No. 33, at pp. 17-18.] Littler does not object to a stay so long as any stay could be lifted upon a showing of good cause.

## IV. CONCLUSION

Littler respectfully requests that the Court retain jurisdiction over any claims against Littler.

Dated: May 15, 2024

**DUANE MORRIS** LLP

By: /s/ Allison Lane
   Allison Lane
   Justin J. Fields
   Attorneys for Defendant
   LITTLER MENDELSON, P.C.