United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    JANE DOE,                                    Case No. 24-cv-00166-JST

                    Plaintiff,
8
                                                  **ORDER TO SHOW CAUSE RE:**
9          v.                                     **SERVICE**

10   TRADESHIFT, INC., et al.,

                    Defendants.
11

12

13         This case was removed from San Francisco Superior Court on January 9, 2024.  ECF No.

14   1.  As of the date of this order, the docket reflects no evidence that the summons and complaint

15   have been served on Defendants Koch Industries, Inc., Mikkel Brun, Gert Sylvest, Morten Lund,

16   Morten Sondergaard, or King & Spalding International ("Unserved Defendants").

17         Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part:

18
           If a defendant is not served within 90 days after the complaint is filed,
19         the court—on motion or on its own after notice to the plaintiff—must
           dismiss the action without prejudice against that defendant or order
20         that service be made within a specified time.  But if the plaintiff shows
           good cause for the failure, the court must extend the time for service
21         for an appropriate period.

22   Fed. R. Civ. P. 4(m).

23         143 days have now passed since the removal of the complaint.  Plaintiff is therefore

24   ordered to show cause why this case should not be dismissed as to the Unserved Defendants for

25   failure to serve.

26         Further, Plaintiff's certificate of service on Defendant HSBC Holdings Plc, a United

27   Kingdom business entity, states that that entity was served via CT Corporation Systems in

28   California.  ECF No. 25 at 1.  "Service outside of the United States must be done in accordance

with Rule 4(f) of the Federal Rules of Civil Procedure." *Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1020 (N.D. Cal. 2015).  As relevant here, Rule 4(f)(1) states that "[u]nless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States . . . by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1).  When responding to this order to show cause, Plaintiff must either affirmatively demonstrate that she has complied with this provision or show cause why Defendant HSBC Holdings Plc should not be dismissed from this action.

A written response to this order is due by June 7, 2024.  If Plaintiff's written response to the order to show cause is accompanied by satisfactory evidence that the summons and complaint have been properly served on the Unserved Defendants, the order to show cause will be withdrawn as to those defendants.  With regard to Defendant HSBC Holdings Plc, the Court will take such further action as is appropriate based on the contents of Plaintiff's written response.

Finally, the Court notes that Defendant Jeff Ransdell was served on February 16, 2024, ECF No. 26, but has not appeared in the action.  Plaintiff must file a request for entry of default against Defendant Randell on or before June 20, 2024.

**IT IS SO ORDERED.**

Dated:  June 5, 2024



_____
JON S. TIGAR
United States District Judge