| | |
|---|---|
| 1 | Allison Lane (SBN 152384) |
| 2 | Justin J. Fields (SBN 259491) <br> **DUANE MORRIS LLP** |
| 3 | Spear Tower <br> One Market Plaza, Suite 2200 |
| 4 | San Francisco, CA 94105-1127 <br> Telephone: +1 415 957 3000 |
| 5 | Facsimile: +1 415 957 3001 <br> E-Mail:  alane@duanemorris.com |
| 6 |           jfields@duanemorris.com |
| 7 | Attorneys for Defendant <br> LITTLER MENDELSON, P.C. |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JANE DOE, <br><br>           Plaintiff, <br><br>           v. <br><br> TRADESHIFT, INC., a Delaware corporation, TRADESHIFT HOLDINGS, INC., a Delaware corporation, CHRISTIAN LANNG, an individual, MIKKEL HIPPE BRUN, an individual, GERT SYLVEST, an individual, MORTEN LUND, an individual, MORTEN SONDERGAARD aka MORTEN PEDERSEN and aka MORTEN BLINKSBJERG NIELSEN, an individual, JEFF RANSDELL, an individual, KING & SPALDING INTERNATIONAL, a United Kingdom business entity, LITTLER MENDELSON, P.C., a California professional corporation, HSBC HOLDINGS Plc, a United Kingdom business entity, KOCH INDUSTRIES, INC., a Delaware corporation, and DOES 1-100, inclusive, <br><br>           Defendants. | Case No. 4:24-cv-00166-JST <br><br> **DEFENDANT LITTLER MENDELSON, P.C.'S ADMINISTRATIVE MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT** <br><br> Judge:      Hon. Jon S. Tigar <br><br> Complaint filed:   December 7, 2023 <br> Removal filed:    January 9, 2024 |

1  Pursuant to Civil Local Rules 6-3 and 7-11, Defendant Littler Mendelson, P.C. ("Littler") moves the Court to extend Littler's time to respond to Plaintiff's operative complaint from August 19, 2024, until an appropriate date selected by the Court based on the anticipated timeframe for resolution of the pending motion to compel arbitration [ECF No 20].

The Court granted Littler's prior administrative motions, setting Littler's response deadline as June 6, 2024, and then August 19, 2024. [ECF Nos. 29, 56.] Littler sought these extensions in light of the pending motion to compel arbitration [ECF No. 20.]

Since then, there has been subsequent briefing on the motion to compel arbitration [see e.g., ECF Nos. 49 and 52] and other filed motions involving other parties [see e.g. ECF No. 62].

Littler contacted Plaintiffs' counsel asking for a stipulation to extend the time to respond. They did not respond. So, Littler files this administrative motion.

Good cause exists for the further extension for the same three reasons previously raised.

First, Defendant Tradeshift's motion to compel arbitration remains pending. [ECF No. 20.] It would be inefficient to engage in extensive and time-consuming FRCP 12 motion practice with the motion to compel arbitration pending, when it is yet to be determined what venue will adjudicate the claims presented by Plaintiff.

Second, given the nature of the allegations and damages sought in this multi-party case, Littler seeks more time to analyze the claims against it and prepare an anticipated Rule 12 motion to dismiss. Analyzing and preparing for law and motion is premature until the Court rules on whether claims against Littler will be in arbitration or otherwise stayed, which are forms of relief presently under consideration in the motion to compel arbitration.

Finally, subject to the outcome of the motion to compel arbitration, Littler expects that other defendants will also file a Rule 12 motion. It would promote judicial and party economy, at least in Littler's view, if such motions are coordinated on a schedule that is mutually preferable for the parties and the Court's schedule given the potential overlap in issues to be addressed.

Littler proposes that its response deadline be extended until a date that the Court believes is appropriate in light of the anticipated case schedule.

///

Case 4:24-cv-00166-JST   Document 74   Filed 08/09/24   Page 3 of 4

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

On December 7, 2023, Plaintiff filed the original complaint in this action.

On December 11, 2023, Plaintiff filed the operative First Amended Complaint, asserting claims for: (1) sexual assault and battery; (2) sex trafficking under the Trafficking Victims Protection Act and the California Trafficking Victims Protection Act; (3) participating in/aiding & abetting a sex trafficking operation; (4) emotional distress; and (5) negligence.

Plaintiff asserts the Third, Fourth, and Fifth Cause of Action against Littler. Littler denies the allegations made against it.

On February 20, 2024, Tradeshift filed its motion to compel arbitration. [ECF No. 20.]

On March 6, 2024, the Court granted Littler's first administrative motion for an extension of time, setting its response deadline as June 6, 2024. [ECF 29.]

On May 8, 2024, the Court granted Littler's administrative motion for permission to file a response to the motion to compel arbitration. [ECF 48.] The briefing schedule had previously been set before Littler was involved in the case.

On May 15, 2024, Littler filed a response to the motion to compel arbitration. [ECF 49.]

On May 24, 2024, Tradeshift filed a further response in support of its motion to compel arbitration, following Littler's submission. [ECF No. 52.]

On June 4, 2024, the Court granted Littler's second administrative motion for an extension of time, setting its response deadline as August 19, 2024. [ECF No. 56.]

On August 9, 2024, Littler's counsel, emailed Plaintiff's counsel, asking for their agreement to extend Littler's response deadline pending the outcome of the motion to compel arbitration. (See concurrently filed Declaration of Justin Fields ("Fields Decl."), Exhibit A, the 8/09/2024 email.)

Plaintiffs did not respond, so Littler filed this motion.

## II. GOOD CAUSE EXISTS TO EXTEND THE RESPONSE DEADLINE

As stated in the Introduction, good cause exists for the extension for at least three reasons.

<u>First</u>, pending before the Court is Defendant Tradeshift's motion to compel arbitration. [ECF No. 20.] It would be inefficient to engage in extensive and time-consuming FRCP 12 motion practice with the motion to compel arbitration pending, when it is yet to be determined what venue

DEFENDANT LITTLER MENDELSON, P.C.'S ADMINISTRATIVE MOTION
FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

will adjudicate the claims presented by Plaintiff, or whether any claims will be stayed.

<u>Second</u>, given the nature of the allegations in this multi-party case and the significant alleged damages, Littler seeks more time to analyze the claims against it and prepare an anticipated Rule 12 motion to dismiss.

<u>Finally</u>, subject to the outcome of the motion to compel arbitration, Littler expects that other defendants will also file a Rule 12 motion. It would promote judicial and party economy, at least in our view, if such motions are coordinated on a schedule that is mutually preferable for the parties and the Court's schedule given the potential overlap in issues to be addressed.

### III.   CONCLUSION

Little respectfully requests an extension of its response deadline to a date that the Court believes is appropriate in light of the anticipated case schedule.

Dated: August 9, 2024                                       **DUANE MORRIS LLP**

By: */s/ Justin J. Fields*
    Allison Lane
    Justin J. Fields
    Attorneys for Defendant
    LITTLER MENDELSON, P.C.