**WILLKIE FARR & GALLAGHER LLP**
NICHOLAS REDDICK (SBN 288779)
  nreddick@willkie.com
ERICA S. MIRANDA (SBN 325188)
  emiranda@willkie.com
ALYXANDRA VERNON (SBN 327699)
  avernon@willkie.com
IMAHN DAEENABI (SBN 363932)
  idaeenabi@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:  (415) 858-7595

**WILLKIE FARR & GALLAGHER LLP**
MATTHEW GURVITZ (SBN 272895)
  mgurvitz@willkie.com
2029 Century Park East
Los Angeles, CA 90067-2905
Telephone:  (310) 855-3085

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN LANNG and DOES 1-100, inclusive,<br><br>Defendants. | CASE NO.: 4:24-cv-00166-JST<br><br>**PLAINTIFF JANE DOE'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>*[Filed concurrently with Declaration of Nicholas Reddick and [Proposed] Second Amended Complaint]*<br><br>Date:      August 27, 2026<br>Time:      2:00 PM<br>Ctrm.:     6, 2nd Floor<br>           District Judge Jon S. Tigar<br>           1301 Clay Street<br>           Oakland, CA  94612<br><br>Complaint Removed:  January 9, 2024 |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that Plaintiff Jane Doe ("Doe" or "Plaintiff"), by and through her counsel, on August 27, 2026 at 2:00 PM or as soon thereafter as the matter may be heard at Oakland Courthouse, Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California 94612, before Honorable Jon S. Tigar, presiding, will and hereby does move this Court to grant leave to file her Second Amended Complaint.

Accordingly, Plaintiff moves this court under Federal Rules of Civil Procedure 15(a)(2) and (c) for an order granting Plaintiff leave to amend her First Amended Complaint to clarify the issues, remove three causes of action against Defendant Christian Lanng ("Lanng" or "Defendant"), and to add a cause of action against Lanng for breach of contract.

This Motion is based upon this Notice; the Memorandum of Points and Authorities attached hereto; the concurrently filed Declaration of Nicholas Reddick, all pleadings on file in this action; and any additional evidence or argument presented at or before the hearing on this matter.

Respectfully submitted,

Dated: June 10, 2026          **WILLKIE FARR & GALLAGHER LLP**

By:   */s/ Nicholas Reddick*
      Nicholas Reddick

Nicholas Reddick (SBN 288779)
Erica S. Miranda (SBN 325188)
Alyxandra Vernon (SBN 327699)
Imahn Daeenabi (SBN 363932)
333 Bush Street, 34th Floor
San Francisco, CA 94104

Matthew Gurvitz (SBN 272895)
2029 Century Park East
Los Angeles, CA 90067-2905

Attorneys for Plaintiff

1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff Jane Doe suffered horrific sexual abuse and harassment at the hands of Defendant Christian Lanng.  This abuse forms the basis of Ms. Doe's pending claims against Defendant Lanng set forth in the First Amended Complaint ("FAC"), ECF No. 1-1.

As set forth in the First Amendment Complaint, Defendant Lanng previously entered into a settlement agreement with Ms. Doe on May 14, 2022 to compensate her for the abuse she suffered. In that agreement, and in subsequent amendments (collectively, the "Settlement Agreement"), Defendant Lanng agreed to pay Ms. Doe the sum of $10,000,000. Yet, Mr. Lanng refused to pay her $9,750,000 still owed under the Settlement Agreement, which was due on December 18, 2023.

The First Amended Complaint focused on the abuse Defendant Lanng inflicted on Ms. Doe while he was her direct supervisor.  That abuse, which led to Defendant Lanng entering into the Settlement Agreement, spanned from 2014 through 2020, and took place in multiple cities and countries.  Following the termination of the arbitration against co-Defendants Tradeshift Inc. and Tradeshift Holdings, Inc. (collectively, "Tradeshift"), Ms. Doe seeks to streamline this action by pursuing breach of contract and, in the alternative, promissory estoppel claims against Defendant Lanng for failing to make good on his promise to pay Ms. Doe to resolve her claims.  Given the now seven years Ms. Doe has spent pursuing these claims against Defendant Lanng and others, Ms. Doe seeks to avoid having to relive and litigate the trauma Defendant Lanng inflicted on her and instead merely hold him to his previous repeated promises to compensate her.

The Proposed Second Amended Complaint ("SAC") effectuates Ms. Doe's intent to narrow and streamline this action in order to resolve it in a more efficient manner, which will benefit both Parties. Not only will the Second Amended Complaint substantially narrow the time period at issue, but will also not require expansive discovery into the numerous instances of abuse that took place in cities and countries around the globe and involved numerous witnesses, many of whom are located in foreign jurisdictions.  Defendant Lanng will not suffer any prejudice as a result of this amendment, as it substantially narrows the allegations he is required to defend and the Court is required to adjudicate.  Defendant Lanng has already placed breach of the Settlement Agreement at

2

issue, as he filed a counterclaim against Ms. Doe alleging she breached the agreement by filing the instant action following Defendant Lanng's refusal to make the settlement payments. ECF Nos. 37 at 14-17; 43 at 14-17. Moreover, because of the stay in proceedings while the arbitration with Tradeshift proceeded, discovery has not yet commenced and thus, Defendant Lanng has not been required to expend any resources responding to the broader claims Ms. Doe now seeks to narrow to just the breach of contract claims.

Ms. Doe files this Motion for Leave to File a Second Amended Complaint ("Motion") under Federal Rule of Civil Procedure 15(a)(2) and attaches a Proposed Second Amended Complaint. As set forth below, Rule 15 is to be applied with extreme liberality, and Ms. Doe's Motion is brought without any undue delay, bad faith, repeated failure to cure deficiencies, prejudice to Defendant Lanng, or futility. Amendment is especially warranted here, given Ms. Doe would regardless have an opportunity to respond to Defendant Lanng's counterclaim that she breached the Settlement Agreement. *See, e.g.*, *Bryant v. Mattel, Inc.*, 2010 WL 11463865, at *6 (C.D. Cal. Oct. 5, 2010) (holding that leave to amend was not required for plaintiff to file its counterclaims in reply where the counterclaims in reply were compulsory); *see also Electroglas, Inc. v. Dynatex Corp.*, 473 F. Supp. 1167, 1171 (N.D. Cal. 1979) (noting that "the weight of authority allows plaintiffs" to file counterclaims in reply if the counterclaims are compulsory). Counsel of record for Mr. Lanng nonetheless explained that Mr. Lanng was unable to take a position on Ms. Doe's Motion for Leave to Amend or Motion for Voluntary Dismissal at this time. Decl. of Nicholas Reddick ¶ 4.

For these reasons, and as discussed in greater detail below, Ms. Doe respectfully requests the Court grant this Motion.

## II.    STATEMENT OF RELEVANT FACTS

Between approximately 2014 and 2017, as alleged in the FAC, Doe suffered heinous sexual assault, sexual abuse, sexual harassment, rape, torture, trafficking, and financial and emotional manipulation and abuse at the hands of Defendant Lanng, a co-founder of Tradeshift—a startup for which Defendant Lanng also served as CEO and board chair.

To seek redress for the incalculable harm she suffered, Ms. Doe first attempted to resolve her claims informally before hiring counsel in 2021. In 2022, Ms. Doe and Defendant Lanng

3

(collectively, the "Parties") reached a settlement agreement through which Ms. Doe agreed to release her claims in exchange for Defendant Lanng's payment of $10 million. The original settlement agreement was then amended three times between 2022 and 2023—each time after Lanng failed to make required payments and sought an extension. Mr. Lanng insisted on these amendments, claiming he needed additional time to perform his already-existing obligations. Namely, he claimed that he needed a lucrative deal between HSBC Holdings plc and Tradeshift to close in order for him to access funds sufficient to pay Ms. Doe.

After Defendant Lanng failed to pay under the agreed-upon terms in the third and final amendment to the settlement agreement, Ms. Doe filed a complaint on December 7, 2023, in the San Francisco County Superior Court, against Defendant Lanng and now-former defendants Tradeshift, Inc. and Tradeshift Holdings, Inc., among others. *Doe v. Tradeshift, Inc.*, No. CGC-23-610929 (Cal. Super. Ct. Dec. 7, 2023). Ms. Doe asserted claims for (1) sexual assault and battery; (2) sex trafficking under 18 U.S.C. § 1595 and Cal Civ. Code § 52.5; (3) participating in/aiding a sex trafficking operation; (4) intentional infliction of emotional distress; and (5) negligence.[1] Complaint, *Doe v. Tradeshift, Inc.*, No. CGC-23-610929 (Cal. Super. Ct. Dec. 7, 2023), Dkt. No. 3.[2]

On January 9, 2024, Tradeshift removed the action to this Court. ECF No. 1. Tradeshift then moved to compel arbitration on February 20, 2024. ECF No. 20. While Tradeshift's motion to compel arbitration was pending, Defendant Lanng filed an answer and a countercomplaint, alleging among other things, that Ms. Doe breached the Settlement Agreement by filing the instant action after Defendant Lanng refused to make the settlement payments he agreed to in the Settlement Agreement. ECF Nos. 37; 38.[3] In both his countercomplaint and amended countercomplaint,

---

[1] The first, second, and fourth causes of action were asserted against Defendant Lanng.

[2] Days later, on December 13, 2023, Ms. Doe's now-former counsel filed a First Amended Complaint ("FAC") in an attempt to remedy a clerical error, but which made no substantive changes. *See* First Amended Complaint, *Doe v. Tradeshift, Inc.*, No. CGC-23-610929 (Cal. Super. Ct. Dec. 13, 2023), Dkt. No. 5.

[3] Defendant Lanng then amended his countercomplaint, still alleging Ms. Doe breached the Settlement Agreement. ECF No. 43.

PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES / Case No. 4:24-cv-00166-JST

Defendant Lanng did not deny entering into or being bound by the Settlement Agreement, nor did he make a claim that it was unenforceable for any reason.  ECF Nos. 37; 43.

Ms. Doe then filed a special (anti-SLAPP) motion to strike the amended countercomplaint. ECF No. 55.  But before this Court ruled on the motion to strike and before Ms. Doe filed an answer to the countercomplaint, this Court granted Tradeshift's motion to compel arbitration, ECF No. 76, and on August 19, 2024, stayed this action as to all Defendants—including Defendant Lanng— pending arbitration.  ECF No. 77.

For nearly two years, Ms. Doe engaged in a protracted arbitration against Tradeshift.  During this time, this action remained stayed and Ms. Doe was unable to amend her claims or factual allegations.[4]  On June 8, 2026, the arbitration against Tradeshift concluded, and Ms. Doe filed a notice of termination of arbitration on June 10, 2026.  ECF No. 84.

Ms. Doe now seeks leave to amend her First Amended Complaint in order streamline this case by narrowing her factual allegations, dismissing previous causes of action, and adding claims for breach of contract and promissory estoppel—thereby reducing the total number of claims Ms. Doe asserts against Defendant Lanng.[5]

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) includes a "mandate to be heeded" that courts "freely give leave [to amend pleadings] when justice so requires" *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2).  The Ninth Circuit has repeatedly instructed that Rule 15 is "to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *see also Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

---

[4] Ms. Doe has changed counsel during the pendency of this stay. *See* ECF Nos. 80, 81.

[5] As noted in Ms. Doe's Notice of Dismissal at ECF No. 84, Ms. Doe reserves her right to bring a claim for sexual assault (or similar personal injury claim) against Defendant Lanng in the event that the claims against Defendant Lanng for breach of contract are dismissed where such new claims are distinct from the claims alleged in her First Amended Complaint and do not relate in any way to Tradeshift or to Ms. Doe's employment or corporate status at Tradeshift.

5

Courts may decline to grant leave to amend "only if there is strong evidence" of one of the following factors: undue delay, bad faith, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of amendment. *See Sonoma Cnty.*, 708 F.3d at 1117; *see also Foman*, 371 U.S. at 182. Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC*, 316 F.3d at 1052 (emphasis in original).

## IV.    ARGUMENT

The Court should grant Ms. Doe's Motion because leave to amend is consistent with the federal presumption in favor of granting such requests with "extreme liberality." Moreover, none of the five *Foman* factors are present here. *See Foman*, 371 U.S. at 182. Ms. Doe seeks to amend the Complaint to narrow the issues before discovery commences (including dismissing claims against all other parties), and after Defendant Lanng has already made the Settlement Agreement at issue through his pending counterclaim. As such, the plain text of Rule 15 counsels that leave to amend be "freely granted." *See id.*; Fed. R. Civ. P. 15(a)(2).

### A.    Ms. Doe timely seeks leave to amend.

Although a court analyzes several factors in determining whether to grant leave to amend, the Ninth Circuit has repeatedly noted that the factors "are not of equal weight[]" and "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *see also Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). Indeed, "[w]here there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion." *Howey*, 481 F.2d at 1190-91. As set forth in greater detail below, Defendant Lanng will suffer no undue prejudice if leave to amend is granted; the SAC is not frivolous given Defendant Lanng's failure to perform on the Settlement Agreement; Ms. Doe has no history of failing to cure any pleading deficiencies; Defendant Lanng has already made breach of the Settlement Agreement an issue in the case; and Ms. Doe seeks leave to amend in good faith. Therefore, any delay here would be insufficient to deny Ms. Doe's Motion.

Moreover, even if delay alone were sufficient to justify precluding amendment, the Court must also consider whether such a delay was *undue*—which it was not. Of course, delay may be undue when a movant fails to justify it. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990). But any supposed delay from Ms. Doe in seeking leave to amend is minimal given that this case has been stayed for nearly two years while Ms. Doe pursued claims in arbitration against other defendants. Tradeshift moved to compel arbitration in February 2024, which this Court granted in August 2024. ECF Nos. 20, 76. It made little sense for Ms. Doe to amend her FAC while such a motion was pending because granting a motion to compel often results in a stay with respect to the claims *not* compelled to arbitration. *See Kater v. Churchill Downs Inc.*, 2019 WL 3944323, at *2 (W.D. Wash. Aug. 21, 2019) (citing *Sharp Corp. v. Hisense USA Corp.*, 2017 WL 6017897, at *5 (N.D. Cal. Dec. 5, 2017)). Further, because the Court stayed the action pending arbitration, Ms. Doe has been unable to amend the FAC since that time. *Antonetti v. McDaniels*, 2018 WL 3025940, at *3 n.3 (D. Nev. June 15, 2018). Ms. Doe brings this motion to amend within 48 hours of the arbitration against Tradeshift terminated, and does so in an effort to narrow the issue for this Court and the parties.

In effect, Doe has had mere months to move for leave to amend—a minimal delay at best. Moreover, in circumstances where the movant took far longer to seek amendment than is the case here, the Ninth Circuit has held that a denial of leave to amend was improper. *See Howey*, 481 F.2d at 1190 (holding that leave to amend should have been granted where the movant sought leave five years after a third party complaint was filed); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987) (reversing the district court's denial of leave to file a fourth amended complaint more than a year after filing the original complaint where the case was still in its early stages, as the underlying case is here). Accordingly, this Motion is timely and sought without undue delay.

### B.    Ms. Doe seeks leave to amend in good faith.

Bad faith exists when the moving party seeks to amend merely "to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999) (citation omitted). That is not the case here: Ms. Doe seeks amendment to promote a speedier

7

and more efficient resolution of this action by decreasing the total number of claims and narrowing the relevant factual allegations. *Cf. Align Tech., Inc. v. Strauss Diamond Instruments, Inc.*, 2019 WL 861422, at *3 (N.D. Cal. Feb. 22, 2019) ("'[B]ad faith' generally refers to efforts to amend the pleadings late in the litigation in order to obtain an unfair tactical advantage." (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995))).

Ms. Doe seeks a speedy resolution of her dispute with Defendant Lanng to avoid re-litigating (and being retraumatized by) the underlying abuse, rape, and trafficking claims that she has already spent the last year and nine months litigating against Tradeshift. Ms. Doe seeks to simplify this action (narrowing the scope of discovery, minimizing the extent of anticipated motion practice, and streamlining the claims that this Court must adjudicate) so that she can finally try to put this long, dark chapter of her life behind her. Because Ms. Doe has no dilatory motive and there is no evidence of bad faith, this factor weighs in favor of granting Ms. Doe "a second chance to amend [her] complaint . . . ." *Sonoma Cnty.*, 708 F.3d at 1118.

**C.    There have been no failed attempts by Ms. Doe to cure deficiencies in prior complaints.**

Ms. Doe has amended her complaint only once before—as a matter of right under California Code of Civil Procedure section 472 before Tradeshift removed this action to federal court. *See* First Amended Complaint, *Doe v. Tradeshift, Inc.*, No. CGC-23-610929 (Cal. Super. Ct. Dec. 13, 2023), Dkt. No. 5. The FAC did not add or remove any factual allegations or causes of action but merely attempted to remedy a clerical error. Accordingly the proposed SAC is Doe's first substantive amendment of her claims in this action. Ms. Doe has no history of any "repeated failure to cure deficiencies by amendments previously allowed[] . . . ." *Sonoma Cnty.*, 708 F.3d at 1117 (quoting *Foman*, 371 U.S. at 182). Even now, Ms. Doe does not seek to cure any deficiencies with her pending claims; rather, she seeks to streamline and narrow the scope of this case for speedy and efficient resolution.

**D.    Ms. Doe's proposed amendment would not prejudice Defendant Lanng.**

Among the *Foman* factors, it is "the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap.*, 316 F.3d at 1052 (quoting. *Leighton*, 833 F.2d at 185.

8

"Prejudice is the 'touchstone inquiry under [R]ule 15(a).'"  *Eminence Cap.*, 316 F.3d at 1052 (quoting *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).  But the party opposing amendment bears the burden of showing undue prejudice.  *See Leighton*, 833 F.2d at 186-87 (stating, in addition, that amendment should "not cause the opposing party undue prejudice");  *Align Tech.*, 2019 WL 861422, at *3..  And the showing of prejudice must be "substantial" to overcome Rule 15(a)'s liberal policy of amendment.  *Stearns v. Select Comfort Retail Corp.*, 763 F. Supp. 2d 1128, 1158 (N.D. Cal. 2010).  "Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to facilitate a proper disposition on the merits." *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (citation omitted) (internal quotation marks omitted).

Here, Defendant Lanng cannot establish any undue prejudice he would suffer from Ms. Doe's proposed SAC.

*First*, Defendant Lanng has already made breach of the Settlement Agreement an issue in this case, having filed a breach of contract counterclaim against Ms. Doe, claiming she breached the agreement by filing the instant action when Defendant Lanng failed to make the required settlement payments.  There can be no claim of prejudice where Ms. Doe seeks to narrow the case to address only this single issue that the Defendant has already made central to the case.  *See Bryant*, 2010 WL 11463865, at *6 (holding that plaintiff did not have to seek leave to amend before filing its counterclaims in reply because the counterclaims were compulsory and that Rule 15's policy of liberally permitting amendment supported granting leave to amend in any case).

*Second*, this action is still in its early stages:  A case management conference has not yet occurred, discovery has not yet opened, and no trial date has been set.  *See Leighton*, 833 F.2d at 187-88 (finding that no prejudice would occur where the case was in the discovery stage but a pretrial conference had not been scheduled and no trial date had been set).  *Cf. Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding of prejudice would be supported when amendment would "reopen discovery and therefore delay the proceedings").  Moreover, Defendant Lanng has not undertaken extensive motion practice that would be rendered

9

moot by the proposed amendment.  Indeed, the SAC would reduce the burdens of litigation on all Parties.

*Third*, Defendant Lanng cannot claim surprise that Ms. Doe wants to recover the money he already owes her:  his four separate breaches of the Settlement Agreement (as amended) put him on notice that Doe may seek to recover damages for breach of contract.  Ms. Doe also does not allege any facts previously unknown to Defendant Lanng:  The allegations in the SAC regarding Defendant Lanng's breach of the Settlement Agreement are wholly known to him and at least partially covered by the allegations in the FAC.  *See* First Amended Complaint at 10, 12, *Doe v. Tradeshift, Inc.*, No. CGC-23-610929 (Cal. Super. Ct. Dec. 13, 2023), Dkt. No. 5l; *see Hurn*, 648 F.2d at 1254 (finding no prejudice where the "operative facts remain[ed] the same").

### E.  Ms. Doe's proposed amendment is not futile.

Leave to amend "should be denied as futile 'only if no set of facts can be proved under the amendment to the pleading that would constitute a valid and sufficient claim or defense[.]'" *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (quoting *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 393 (9th Cir. 1997).  If, however, "the underlying facts or circumstances relied upon by [the] plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [her] claims on the merits." *Foman*, 371 U.S. at 182; *see also Sonoma Cnty.*, 708 F.3d at 1118 (holding that denial of leave to amend on the ground of futility is improper where the plaintiff may be able to amend its complaint to state a claim that will survive a motion to dismiss).

Ms. Doe's proposed SAC alleges a straightforward breach of contract claim (and promissory estoppel in the alternative) against Defendant Lanng.  The facts alleged in the SAC along with the exhibits thereto state a clear and cognizable claim for breach of contract: (1) Defendant Lanng and Ms. Doe agreed to the Settlement Agreement and its three amendments, which Lanng did not contest in his counterclaim addressing this agreement; (2) Doe consistently performed her obligations throughout; (3) Lanng materially breached the Settlement Agreement (as amended) by failing to pay nearly all of the settlement amount he agreed to pay; and (4) Ms. Doe suffered severe financial harm well in excess of $10 million as a result of Lanng's breach.  Thus, because Doe pleads facts

10

in the proposed SAC that constitute a valid and sufficient claim for breach of contract, leave to amend should not be denied on the ground of futility.

\* \* \* \* \*

The five *Foman* factors, in combination with Rule 15(a)'s extreme liberality to "freely give" leave to amend, strongly support granting Ms. Doe's Motion.  Further, amendment will aid the Court and Defendant Lanng, as the factual pleadings will be clarified and the legal claims will be narrowed and streamlined.

V.    **CONCLUSION**

For the foregoing reasons, Ms. Doe respectfully requests that this Court grant her leave to file the attached Proposed Second Amended Complaint.

Respectfully submitted,

Dated: June 10, 2026                             **WILLKIE FARR & GALLAGHER LLP**

By:    */s/ Nicholas Reddick*
       Nicholas Reddick

Nicholas Reddick (SBN 288779)
Erica S. Miranda (SBN 325188)
Alyxandra Vernon (SBN 327699)
Imahn Daeenabi (SBN 363932)
333 Bush Street, 34th Floor
San Francisco, CA 94104

Matthew Gurvitz (SBN 272895)
2029 Century Park East
Los Angeles, CA 90067-2905

Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES / Case No. 4:24-cv-00166-JST