# Exhibit I

**To:**      Halim Dhanidina[hdhanidina@werksmanjackson.com]
**Cc:**      Bruce Van Dalsem[brucevandalsem@quinnemanuel.com]; Diane Doolittle[dianedoolittle@quinnemanuel.com]
**From:**   Sara Pollock
**Sent:**   Wed 2/22/2023 10:42:51 AM
**Subject:** RE: Lanng

··········
››››››››››

Thank you, Halim. We are working on the draft amendment and will circulate as soon as we can.
Sara

**From:** Halim Dhanidina <hdhanidina@werksmanjackson.com>
**Sent:** Wednesday, February 22, 2023 8:22 AM
**To:** Sara Pollock <sarapollock@quinnemanuel.com>
**Cc:** Bruce Van Dalsem <brucevandalsem@quinnemanuel.com>; Diane Doolittle
<dianedoolittle@quinnemanuel.com>
**Subject:** Re: Lanng

<mark>**[EXTERNAL EMAIL from hdhanidina@werksmanjackson.com]**</mark>

We have an agreement. I will be in trial today so please copy my associate Nick
(nmoreno@werksmanjackson.com) and my assistant Jennifer (jruiz@werksmanjackson.com) when you send
your draft. We are hoping to have this in place today. Thank you for your diligence with this.
Halim

Sent from my iPhone

> On Feb 21, 2023, at 10:37 PM, Sara Pollock <sarapollock@quinnemanuel.com> wrote:
>
>
> Hi Halim,
> To confirm, we understand the schedule as follows:
> 1. 3/17: $400K (or $4.85mm)
> 2. Unless he paid $4.85mm on 3/17, one of the following:
>
>> 1. 4/17: $4,550,000 ($200K credit)
>> 2. 5/17: $4,650,000 ($100K credit)
>> 3. 6/19: $4,750,000 (no credit)
>
> 3. 8/17: $2.5 million
> 4. 12/18: $2.5 million
>
> If that's accurate, we have an agreement. Please let us know, and we will prepare the
> amendment. Thank you,
> Sara
>> **From:** Halim Dhanidina <hdhanidina@werksmanjackson.com>
> **Sent:** Tuesday, February 21, 2023 10:34 AM
> **To:** Sara Pollock <sarapollock@quinnemanuel.com>
> **Cc:** Bruce Van Dalsem <brucevandalsem@quinnemanuel.com>; Diane Doolittle
>> <dianedoolittle@quinnemanuel.com>
> **Subject:** Re: Lanng

<mark>**[EXTERNAL EMAIL from hdhanidina@werksmanjackson.com]**</mark>

Hi Sara,

The issue with that schedule is that it provides for no payment at all, potentially up to four months. Considering that the current payment is already 13 days past due, it is imperative that payment related to delays be made up front. I suggest $400k by 3/17 (you previously suggested $1m by 3/20) for extension up to 6/19. If the first payment is made earlier, a portion of the $400k would be credited against the settlement amount based on your schedule. Would that work?

Halim

Sent from my iPhone

> On Feb 21, 2023, at 10:21 AM, Sara Pollock <sarapollock@quinnemanuel.com> wrote:
>
> Hello Halim,
> As I mentioned last week, people on our side are traveling and on very different time zones. Christian will agree to the below payment schedule:
> 1. Christian will make one of the following payments:
>
>     1. 3/17: $4,875,000
>     2. 4/17 : $4,975,000
>     3. 5/17: $5,075,000
>     4. 6/19: $5,175,000 (6/17 is a Saturday)
>
> 2. 8/17: $2.5 million
> 3. 12/18: $2.5 million (12/17 is a Sunday)
>
> Please let us know if this works, and we will send over a draft agreement shortly.
> Thank you,
> Sara
> **Sara Pollock**
> *Associate,*
> Quinn Emanuel Urquhart & Sullivan, LLP
>
> 555 Twin Dolphin Drive, 5th Floor
> Redwood Shores, CA 94065
> 650-801-5038 Direct
> 650.801.5000 Main Office Number
> 650.801.5100 FAX
> sarapollock@quinnemanuel.com
> www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Halim Dhanidina <hdhanidina@werksmanjackson.com>
**Sent:** Tuesday, February 21, 2023 8:37 AM
**To:** Sara Pollock <sarapollock@quinnemanuel.com>
**Cc:** Bruce Van Dalsem <brucevandalsem@quinnemanuel.com>; Diane Doolittle <dianedoolittle@quinnemanuel.com>

**Subject:** Re: Lanng

[EXTERNAL EMAIL from hdhanidina@werksmanjackson.com]

Hello Sara,

Having not heard from your side in several days, my client is increasingly uncomfortable with the proposed terms of extension we have been discussing. If your client is still interested in an extension, we are requesting $400k by 3/8 for a four month extension to June 8 rather than doing $100k one month at a time. If this is agreeable, please let me know.

Halim

Sent from my iPhone

On Feb 17, 2023, at 5:07 PM, Sara Pollock <sarapollock@quinnemanuel.com> wrote:

Can we make the schedule run from today rather than counting back to the 8th?

**From:** Halim Dhanidina <hdhanidina@werksmanjackson.com>
**Sent:** Friday, February 17, 2023 5:05 PM
**To:** Sara Pollock <sarapollock@quinnemanuel.com>
**Cc:** Bruce Van Dalsem <brucevandalsem@quinnemanuel.com>; Diane Doolittle <dianedoolittle@quinnemanuel.com>
**Subject:** Re: Lanng

[EXTERNAL EMAIL from hdhanidina@werksmanjackson.com]

I have confirmed on my end so you can tell him that if he agrees then we have a deal.

Sent from my iPhone

On Feb 17, 2023, at 5:02 PM, Sara Pollock <sarapollock@quinnemanuel.com> wrote:

Right, $100k per month for up to 4 months as needed. I'll check with the client re the schedule and get back to you as soon as I can.

Sara

**From:** Halim Dhanidina <hdhanidina@werksmanjackson.com>
**Sent:** Friday, February 17, 2023 4:53 PM
**To:** Sara Pollock <sarapollock@quinnemanuel.com>

3

**Cc:** Bruce Van Dalsem <brucevandalsem@quinnemanuel.com>; Diane Doolittle <dianedoolittle@quinnemanuel.com>

**Subject:** Re: Lanng

[EXTERNAL EMAIL from hdhanidina@werksmanjackson.com]

But either way it's $100k per month up to four months as needed?

Sent from my iPhone

> On Feb 17, 2023, at 4:06 PM, Sara Pollock <sarapollock@quinnemanuel.com> wrote:
>
> Halim,
> Christian can agree to a maximum four-month extension with the principal balance going up an additional $100,000 per month. In other words, if Christian takes an additional month to make the $4.75mm payment, the total settlement payment goes up $100K. If he takes all four months, the total settlement payment would go up $400,000. The payments would otherwise stay on the same schedule (i.e., the second is due 60 days after the first, and the third is due 155 days after the second.) We will continue to share documentation regarding the deal as it becomes available but, in the meantime, would suggest that you speak with Mr. Ransdell.
> Please let us know if this might get it done.
> Thank you,
> Sara
> **Sara Pollock**

*Associate,*
Quinn Emanuel Urquhart & Sullivan, LLP

555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
650-801-5038 Direct
650.801.5000 Main Office Number
650.801.5100 FAX
sarapollock@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may

4

be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Halim Dhanidina
<hdhanidina@werksmanjackson.com>

**Sent:** Friday, February 17, 2023 1:25 PM

**To:** Bruce Van Dalsem <brucevandalsem@quinnemanuel.com>

**Cc:** Sara Pollock <sarapollock@quinnemanuel.com>; Diane Doolittle
<dianedoolittle@quinnemanuel.com>

**Subject:** Re: Lanng

Bruce,

While I appreciate your advice to ███████ ██████ those decisions will be left to her and her litigation representatives. She had been willing to go along with multiple extensions now approaching a year since she was first told the purported deal was imminent. Now we are operating in a climate of even less goodwill than before, particularly because she was told she was negotiating a six month extension in exchange for $1m rather than for free. There has been no corroboration of a term sheet that is anywhere near coming to fruition so it appears her fears of being duped by Christian have been confirmed. I share this just so you can appreciate the position your client has put all of us in. I had hoped that this settlement could survive but I have nothing left to argue to her.
Halim

Sent from my iPhone

On Feb 17, 2023, at 12:48 PM, Bruce Van Dalsem <brucevandalsem@quinnemanuel.com> wrote:

5

Halim, we'll sw Christian but if no deal can be reached, I again caution ███████ that her only remedy would be to file a conf arb against Christian only. She remains bound by the confi clause and arb clause. The law is perfectly clear in this regard. If she breaches either of those obligations, she'll be exposing herself to claims for tens or hundreds of million dollars. And she'll relieve Christian of all of his obligations to her. It would be the worst possible outcome for her.
Thanks
**Bruce Van Dalsem**
*Partner,*

**Quinn Emanuel Urquhart & Sullivan LLP**
865 S. Figueroa St 10th Floor
Los Angeles, Ca 90017
+1-213-443-3218 Direct
+1-213.443.3000 Main Office Number
+1-213-443-3100 FAX
brucevandalsem@quinnemanuel.com

www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original mess

-------- Original message --------
From: Halim Dhanidina
<hdhanidina@werksmanjackson.com>
Date: 2/18/23 5:33 AM (GMT+09:00)
To: Sara Pollock
<sarapollock@quinnemanuel.com>
Cc: Bruce Van Dalsem
<brucevandalsem@quinnem

6