**WILLKIE FARR & GALLAGHER LLP**
NICHOLAS REDDICK (SBN 288779)
  nreddick@willkie.com
ERICA S. MIRANDA (SBN 325188)
  emiranda@willkie.com
ALYXANDRA VERNON (SBN 327699)
  avernon@willkie.com
IMAHN DAEENABI (SBN 363932)
  idaeenabi@willkie.com
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone:  (415) 858-7595

Attorneys for Plaintiff

**WILLKIE FARR & GALLAGHER LLP**
MATTHEW GURVITZ (SBN 272895)
  mgurvitz@willkie.com
2029 Century Park East
Los Angeles, CA 90067-2905
Telephone:  (310) 855-3085

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br><br>    v.<br><br>CHRISTIAN LANNG,<br><br>                    Defendant. | CASE NO.: 4:24-cv-00166-JST<br><br>**PLAINTIFF JANE DOE'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER ALLOWING PLAINTIFF JANE DOE TO PROCEED UNDER PSEUDONYM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>*[Filed concurrently with Declaration of Nicholas Reddick]*<br><br>Date:     September 3, 2026<br>Time:     2:00 PM<br>Ctrm.:    6, 2nd Floor<br>          Hon. Jon S. Tigar<br>          1301 Clay Street<br>          Oakland, CA  94612<br><br>Complaint Removed:  January 9, 2024 |

MOTION FOR PROTECTIVE ORDER ALLOWING PLAINTIFF JANE DOE TO PROCEED
UNDER PSEUDONYM / Case No. 4:24-cv-00166-JST

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that Plaintiff Jane Doe ("Doe" or "Plaintiff"), by and through her counsel, on September 3, 2026 at 2:00 PM or as soon thereafter as the matter may be heard at Oakland Courthouse, Courtroom 6, 2nd Floor, 1301 Clay Street, Oakland, California 94612, before Honorable Jon S. Tigar, presiding, will and hereby does move this Court to grant her Motion for Protective Order Allowing Jane Doe to Proceed Under Pseudonym.

Accordingly, Plaintiff moves this court for a protective order allowing her to proceed pseudonymously that (a) prohibits Defendant Christian Lanng ("Defendant" or "Lanng"), his agents, and his attorneys from disclosing the names or personally identifying information of Ms. Doe and (b) requires redaction of information identifying Ms. Doe in all filings and materials related to this matter.

This Motion is based upon this Notice; the Memorandum of Points and Authorities attached hereto; the concurrently filed Declaration of Nicholas Reddick, all pleadings on file in this action; and any additional evidence or argument presented at or before the hearing on this matter.

Respectfully submitted,

Dated: June 22, 2026

**WILLKIE FARR & GALLAGHER LLP**

By:    /s/ Nicholas Reddick
       Nicholas Reddick

Nicholas Reddick (SBN 288779)
Erica S. Miranda (SBN 325188)
Alyxandra Vernon (SBN 327699)
Imahn Daeenabi (SBN 363932)
333 Bush Street, 34th Floor
San Francisco, CA 94104

Matthew Gurvitz (SBN 272895)
2029 Century Park East
Los Angeles, CA 90067-2905

Attorneys for Plaintiff

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Jane Doe is a victim of appalling sexual assault, sexual abuse, sexual harassment, rape, torture, trafficking, and financial and emotional manipulation committed by Defendant Lanng over a multiyear period from 2014 to 2020.  In this action, Ms. Doe seeks to hold Defendant Lanng accountable for the consideration he promised when he agreed to resolve Ms. Doe's claims against him regarding his despicable conduct.  This case involves the most sensitive, personal, and traumatic details of Ms. Doe's life.  Ms. Doe has a compelling need to keep her true identity anonymous, since disclosure of her name would re-aggravate the trauma she has experienced to date and cause her severe emotional and psychological harm.  Simultaneously, permitting Ms. Doe to proceed pseudonymously will not prejudice Defendant Lanng—who already knows Ms. Doe's identity— and will further the public interest by encouraging survivors to hold their abusers accountable without fearing public exposure or reprisal. While Defendant Lanng has never objected to Ms. Doe remaining anonymous, his counsel recently commented that, should Ms. Doe proceed in the litigation, Defendant Lanng would seek to portray Ms. Doe negatively in the press. ECF No. 89-1, at 2.  Nonetheless, counsel of record for Mr. Lanng has explained that Mr. Lanng was unable to take a position on Ms. Doe's Motion at this time.  *Id.*

Ms. Doe respectfully requests that the Court grant this motion for a protective order allowing her to proceed pseudonymously that (a) prohibits Defendant Lanng, his agents, and his attorneys from disclosing the names or personally identifying information of Ms. Doe and (b) requires redaction of information identifying Ms. Doe in all filings and materials related to this matter.

## II.    FACTUAL BACKGROUND

Over a multiyear period from approximately 2014 to 2020, Ms. Doe suffered horrific rape, sexual assault, beating, humiliation, dehumanization, psychological control and torture, financial control and manipulation, and trafficking at the hands of Defendant Lanng.  ECF No. 87-2, at 2.  As a result, Ms. Doe has suffered and continues to suffer debilitating physical, psychological, and emotional trauma. *Id.*  In 2022, the Parties reached a settlement agreement through which Defendant Lanng agreed to pay Ms. Doe $10 million in exchange for her release of claims against him.  *Id.*

2

After Defendant Lanng repeatedly breached the settlement agreement and its subsequent amendments, including by failing to pay $9.75 million required by these agreements, Ms. Doe had no choice but to pursue redress in court.  On December 7, 2023, Ms. Doe filed a complaint against Defendant Lanng and others for (1) sexual assault and battery; (2) sex trafficking under 18 U.S.C. § 1595 and Cal Civ. Code § 52.5; (3) participating in/aiding a sex trafficking operation; (4) intentional infliction of emotional distress; and (5) negligence.[1]  Complaint, *Doe v. Tradeshift, Inc.*, No. CGC-23-610929 (Cal. Super. Ct. Dec. 7, 2023), Dkt. No. 1.  One of Defendant Lanng's co-defendants subsequently removed the action to this Court and moved to compel arbitration, which this Court granted.  ECF Nos. 1; 20; 76.  The Court stayed this action as to all Defendants— including Defendant Lanng—pending arbitration.  ECF No. 77.

On June 8, 2026, the arbitration against Tradeshift concluded, ECF No. 84, allowing Ms. Doe to resume seeking justice against Defendant Lanng for his abuse.  On June 10, 2026, Ms. Doe filed a Motion for Leave to File a Second Amended Complaint to assert only a breach of contract theory (and, in the alternative, promissory estoppel) against Defendant Lanng in order to expedite resolution of this action by narrowing the issues. ECF No. 87.

Although Ms. Doe now seeks to recover against Defendant Lanng for his breach of the settlement agreement, the breached settlement agreement—and therefore this case—arises from the sexual abuse, sexual harassment, and other heinous sexual crimes Defendant Lanng committed against Ms. Doe, and should her breach of contract claim fail for any reason, the abuse she experienced will be even more relevant in determining whether she has established promissory estoppel, which she pleads in the alternative.

## III.    LEGAL STANDARD

In a typical case, "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000); *see also* Fed. R. Civ. P. 10(a) (requiring that the title of every complaint "include the names of all the

---

[1] The first, second, and fourth causes of action were asserted against Defendant Lanng.

MOTION FOR PROTECTIVE ORDER ALLOWING PLAINTIFF JANE DOE TO PROCEED UNDER PSEUDONYM / Case No. 4:24-cv-00166-JST

parties"). However, in the "unusual case" when nondisclosure of the party's identity "is necessary . . . to protect a person from harassment, injury, ridicule, or personal embarrassment[,]" parties may use pseudonyms. *Advanced Textile Corp.*, 214 F.3d at 1068 (internal quotation marks omitted) (citations omitted). To determine if the facts present "special circumstances [that] justify secrecy[,]" the district court must balance a party's need for anonymity against prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068–69. Applying this balancing test, the Ninth Circuit has identified three scenarios where pseudonyms may be used: "(1) when identification creates a risk of retaliatory physical or mental harm[;] . . . (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[;] . . . and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution[.]" *Id.* (internal quotation marks omitted) (citations omitted). "District Courts have broad discretion to determine whether a plaintiff may proceed anonymously." *A.V. v. AvalonBay Cmtys., Inc.*, 2026 WL 35833, at *1 (N.D. Cal. Jan. 6, 2026); *see also Advanced Textile Corp.*, 214 F.3d at 1068.

## IV.    ARGUMENT

### A.    Anonymity Is Warranted to Preserve Ms. Doe's Privacy in a Highly Sensitive and Personal Matter and to Protect Her from Retaliatory Mental Harm

The sensitive and personal nature of this case requires that Ms. Doe's be able to proceed under a pseudonym. Where, as here, a plaintiff seeks anonymity because her claims arise in the context of sexual abuse, courts routinely allow plaintiffs to proceed under pseudonyms. *See, e.g.*, *Doe v. Penzato*, 2011 WL 1833007, at *5 (N.D. Cal. May 13, 2011) (stating that courts may permit plaintiffs to proceed anonymously when they fear the exposure of their identity in the context of sexual assault allegations). Indeed, when there are allegations of sexual assault, the need for anonymity is heightened, such that "several courts have concluded that ***any*** prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity." *M.R. v. Fed. Corr. Inst. "FCI" Dublin*, 2022 WL 5225881, at *1 (N.D.

MOTION FOR PROTECTIVE ORDER ALLOWING PLAINTIFF JANE DOE TO PROCEED
UNDER PSEUDONYM / Case No. 4:24-cv-00166-JST

Cal. Oct. 5, 2022) (emphasis added) (collecting cases); *see also AvalonBay Cmtys., Inc.*, 2026 WL 35833, at *1.

Because Ms. Doe's claims arise in the context of sexual assault and other abhorrent sexual abuse committed by Defendant Lanng, she has an acute need for anonymity. As a result of Defendant Lanng's rape, sexual assault, sexual harassment, torture, and trafficking of Ms. Doe over years, Ms. Doe has suffered tremendous mental, emotional, physical, social, and professional harm.[2] If Ms. Doe is required to disclose her real name, the impact of the trauma she has experienced will be exacerbated: she will needlessly suffer from added stress and anxiety over the release of her identity and will experience further personal embarrassment, and psychological, social, and other harms from widespread disclosure of the abuse she endured. This harm to Ms. Doe from this public disclosure would be substantial and irreversible. *See* ECF No. 88-3, at 3.

In addition to protecting Ms. Doe's privacy, Defendant Lanng's intention, as communicated through his counsel, to publicize the details of Ms. Doe's life in the media risks causing Ms. Doe retaliatory mental harm. *See* ECF No. 89-1, at 2; *Fed. Corr. Inst.*, 2022 WL 5225881, at *2 (allowing plaintiff to proceed under pseudonym when she alleged she would suffer retaliatory mental harm based on threats she had received and the risk that the allegations may garner significant media attention). Throughout the years of abuse, Defendant Lanng would commonly threaten the public airing of Ms. Doe's personal details in an attempt to prevent her from reporting and escaping the abuse. Moreover, while Ms. Doe has begun the road to recovery, she remains in a fragile state. The public airing of the details of the abuse, or any effort to associate her by name to the allegations in the media, would risk causing Ms. Doe severe mental harm.

Accordingly, Ms. Doe has demonstrated that anonymity is necessary to protect her privacy and health.

---

[2] *See, e.g.*, Courtney E. Ahrens, *Being Silenced: The Impact of Negative Social Reactions on the Disclosure of Rape*, 38 Am. J. Cmty. Psych. 263, 263–64 (2006) (discussing the detrimental consequences survivors may face for speaking out and stating that anywhere from one-quarter to three-quarters of survivors receive negative consequences).

MOTION FOR PROTECTIVE ORDER ALLOWING PLAINTIFF JANE DOE TO PROCEED UNDER PSEUDONYM / Case No. 4:24-cv-00166-JST

**B.      Anonymity Will Not Prejudice Defendant Lanng**

Defendant Lanng faces no risk of prejudice from Ms. Doe proceeding by this fictitious name. As a general matter, the requested "[a]nonymity must have a limited prejudicial impact on the opposing party's ability to litigate the case, investigate the claims, and mount a defense." *Al Otro Lado, Inc. v. Nielsen*, 2017 WL 6541446, at *6 (S.D. Cal. Dec. 20, 2017) (citing *Advanced Textile Corp.*, 214 F.3d at 1072) (finding no prejudice "because defendants [] know the true identities" of plaintiffs); *see also Penzato*, 2011 WL 1833007, at *4 (stating that defendants would not face prejudice if plaintiff was permitted to proceed under pseudonym because defendants could defend themselves against public backlash regardless of whether plaintiff's true identity was known).

Here, Defendant Lanng already knows Ms. Doe's true identity given that she is identified in the settlement agreement and related amendments at-issue.  Defendant Lanng can also readily identify Ms. Doe's true identity because the First Amended Complaint and proposed Second Amended Complaint allege specific circumstances regarding the Sex Slave Contract he imposed on her and circumstances surrounding his years-long abuse. Defendant Lanng will in no way be hindered in litigating the merits of this case if Ms. Doe is permitted to proceed pseudonymously. This Motion only requests anonymity to shield Ms. Doe's name and related identifying, sensitive information *from the public* in order to protect Ms. Doe's privacy and prevent further aggravation of the trauma she has already experienced.  Defendant Lanng will be able readily to serve (and craft) discovery and other papers on Ms. Doe.  Therefore, there is no prejudice to Defendant Lanng that countervails Ms. Doe's need for anonymity.

**C.      The Public Interest Is Best Served by Plaintiff Using a Pseudonym**

Permitting Ms. Doe to proceed pseudonymously best serves the public interest.  Although the public has an interest in knowing the identities of the parties to a case, "the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity."  *Fed. Corr. Inst.*, 2022 WL 5225881, at *1 (citations omitted); *see also Penzato*, 2011 WL 1833007, at *3 ("'[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes.'" (quoting *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006))).

6

MOTION FOR PROTECTIVE ORDER ALLOWING PLAINTIFF JANE DOE TO PROCEED
UNDER PSEUDONYM / Case No. 4:24-cv-00166-JST

Given the sensitive and highly personal nature of the facts of this case, the public has a keen interest in permitting Ms. Doe to proceed pseudonymously. This will ensure that victims of sexual assault and other despicable sexual crimes are not deterred from coming forward and enforcing their rights. The public's interest in encouraging survivors to seek justice far outweighs any minimal interest the public might have in knowing Ms. Doe's actual identity. Therefore, it is in the public interest for Ms. Doe to proceed pseudonymously.

**D.      Requiring Redactions of Plaintiff's Private Information Is Appropriate**

"A court may require redaction of private information from court filings 'for good cause.'" *Doe v. Noem*, 781 F. Supp. 3d 1055, 1063 (E.D. Cal. 2025) (quoting Fed. R. Civ. P. 5.2(e)). "To show 'good cause,' the party seeking redaction must show that 'specific harm or prejudice will result' if the protective order is not granted." *Id.* (quoting *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011)).

For the same reasons discussed above, Ms. Doe has demonstrated good cause for requiring redaction of information that would result in disclosure of her identity. *See id.* at 1063 (finding good cause to require redaction of information identifying plaintiff for the same reasons plaintiff was permitted to proceed pseudonymously). Ms. Doe credibly fears public exposure of having been a victim of horrific sexual abuse and the social stigma that may follow. If Ms. Doe's identity is publicly revealed, she will needlessly suffer severe mental anguish, and emotional harm. As a survivor, Ms. Doe seeks to ensure that the trauma she has suffered due to the underlying abuse is not exacerbated by the disclosure of her name or any other identifying information as she seeks to hold her abuser to account.

Based on the foregoing, this Court should order redaction of any information identifying Plaintiff in all filings and other materials related to this case (*e.g.*, her name, nicknames, email addresses, etc.).

**E.      Plaintiff's Case Warrants a Protective Order**

A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden . . . ." Fed. R. Civ. P. 26(c)(1); *see also Perez v. City of Fresno*, 519 F. Supp. 3d 718, 725 (E.D. Cal. 2021) (citations omitted) ("Courts enjoy broad

7

discretion in fashioning protective order [*sic*] under Rule 26(c), including determining the degree of protection that is appropriate"); Pre-Trial Protective Order, *J.C. v. Choice Hotels Int'l, Inc.*, No. 3:20-cv-00155 (N.D. Cal. Jan. 7, 2020), Dkt. No. 129, at 2–3 (discussing Rule 26(c) and ordering that the parties not to disclose plaintiff's identity during and after the conclusion of the matter). For the same reasons that justify permitting Ms. Doe to proceed under a pseudonym and requiring redaction of Ms. Doe's name and personally identifying information, this Court should issue a limited protective order requiring that Defendant Lanng and his agents and attorneys not disclose the name or personally identifying information of Ms. Doe.

Accordingly, a protective order prohibiting the disclosure of Ms. Doe's name or personally identifying information is warranted.

## V.    CONCLUSION

For the foregoing reasons, Ms. Doe respectfully requests that the Court grant this motion and permit her to proceed pseudonymously in connection with this matter and all related filings, order Defendant Lanng and his agents and attorneys to not disclose the names or personally identifying information of Ms. Doe, and order redaction of information identifying Ms. Doe in all filings and materials related to this matter. Ms. Doe's need for anonymity—grounded in the fact that her claims arise out of sensitive and personal matters involving sexual abuse and other reprehensible sexual crimes perpetrated by Defendant Lanng—far outweighs the countervailing interests of Defendant Lanng, who already knows Ms. Doe's identity and will suffer no prejudice, and the public.

Respectfully submitted,

Dated: June 22, 2026                     **WILLKIE FARR & GALLAGHER LLP**

By:    */s/ Nicholas Reddick*
          Nicholas Reddick

Nicholas Reddick (SBN 288779)
Erica S. Miranda (SBN 325188)
Alyxandra Vernon (SBN 327699)
Imahn Daeenabi (SBN 363932)

8

MOTION FOR PROTECTIVE ORDER ALLOWING PLAINTIFF JANE DOE TO PROCEED
UNDER PSEUDONYM / Case No. 4:24-cv-00166-JST

333 Bush Street, 34th Floor
San Francisco, CA 94104

Matthew Gurvitz (SBN 272895)
2029 Century Park East
Los Angeles, CA 90067-2905

Attorneys for Plaintiff

9

MOTION FOR PROTECTIVE ORDER ALLOWING PLAINTIFF JANE DOE TO PROCEED
UNDER PSEUDONYM / Case No. 4:24-cv-00166-JST