United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE,

Plaintiff,

v.

CHRISTIAN LANNG,

Defendant.

Case No. 24-cv-00166-JST

**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL OF CLAIMS, MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, AND MOTION FOR PROTECTIVE ORDER; SETTING CASE MANAGEMENT CONFERENCE**

Re: ECF No. 86, 87, 89

Before the Court are Plaintiff Jane Doe's motion for voluntary dismissal of her claims, motion for leave to file an amended complaint, and motion for a protective order. ECF Nos. 86, 87, 89. In her motion for voluntary dismissal, she seeks to dismiss her claims against Defendant Christian Lanng with prejudice except as to preserve her right to bring:

> "a claim for sexual assault or similar personal injury claim against Defendant Lanng (even if such claims involve certain facts and allegations that underlie or overlap with the currently pending claims against Defendant Lanng), in the event that the claims against Defendant Lanng for breach of contract, or in the alternative, promissory estoppel, are dismissed, but only to the extent that such new claim is distinct from the claims currently alleged in the underlying action, does not relate in any way to Defendant Tradeshift or to Ms. Doe's or Defendant Lanng's employment at Defendant Tradeshift, and includes no allegation that Defendant Lanng was acting in his corporate status or capacity or that Defendant Tradeshift is or could be jointly, vicariously, or otherwise liable."

ECF No. 86 at 3.

Plaintiff also seeks leave to file an amended complaint to add claims against Lanng for breach of contract and promissory estoppel. ECF No. 87 at 7. Finally, Plaintiff seeks a protective

United States District Court
Northern District of California

order allowing her to proceed under a pseudonym as her case has sensitive details about the sexual assaults that she experienced. ECF No. 89. The motions are all unopposed. ECF No. 90.

The Court will grant all three of the motions. In her first motion, Plaintiff seeks to voluntarily dismiss all her pending claims against Lanng under Rule 41(a)(2) of the Federal Rules of Civil Procedure. "[I]n light of Defendants' non-opposition to the Request for Dismissal, the Court finds no reason to deny Plaintiff's request for voluntary dismissal with prejudice under Rule 41(a)(2)." *Breaking Code Silence v. McNamara*, No. 2:22-CV-02052-MAA, 2024 WL 6847414, at *1 (C.D. Cal. May 8, 2024). The Court expresses no opinion now regarding the extent to which the assertedly conditional nature of Plaintiff's dismissal will permit the filing of future claims. "A dismissal with prejudice would mean Plaintiff may not be able to bring his claims or related claims against Defendants in any future action." *Keay v. Veterans Affs. Reg'l Off.*, No. 10-CV-1100-BR, 2011 WL 2182255, at *4 n.1 (D. Or. June 3, 2011).

The Court will also grant Plaintiff's motion for leave to file an amended complaint. Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once "as a matter of course" within 21 days of serving it or within 21 days after a response to it has been filed. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). A district court "should freely give leave" to amend a pleading "when justice so requires." *Id.* The Court considers five factors in deciding a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended his complaint. *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013). Of these factors, "the consideration of prejudice to the opposing party [ ] carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The rule is "to be applied with extreme liberality." *Id.* at 1051 (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). Plaintiff's motion to amend is unopposed and there is no evidence that any factor weighs against allowing amendment. Accordingly, the Court grants Plaintiff's motion to file a second amended complaint. The second amended complaint is not deemed filed. It must be filed by October 23, 2026.

Lastly, the Court will grant Plaintiff's' unopposed motion for a protective order that allows her to proceed pseudonymously. "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate,* 596 F.3d 1036, 1042 (9th Cir. 2010); *see also* Fed. R. Civ. P. 10(a) (requiring that the title of every complaint include the names of all the parties). However, a party may "proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). In determining whether a party may preserve his anonymity in judicial proceedings, the Ninth Circuit "balance[s] the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Id.* at 1068. "The most compelling situations [in which plaintiffs may proceed anonymously] involve matters which are highly sensitive, such as social stigmatization, real danger of physical harm, or where the injury litigated against would occur as a result of the disclosure of the plaintiff's identity." *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981); *see also Eknes-Tucker v. Ivey*, No. 2:22-CV-0184-LCB-SRW, 2022 WL 19983530, at *1 (M.D. Ala. May 3, 2022) (granting anonymity where revealing plaintiff's identity would disclose intimate personal information).

This case involves discussion of highly sensitive personal information relating to the alleged sexual assault of the Plaintiff. Further, Defendant knows the Plaintiff's identity and so will not be prejudiced by Plaintiff's use of a pseudonym. Therefore, the Plaintiff may proceed pseudonymously.

The Court sets a case management conference on January 19, 2027 at 2:00 p.m. An updated joint case management statement is due January 12, 2027.

**IT IS SO ORDERED.**

Dated: October 16, 2026

JON S. TIGAR
United States District Judge