CHRISTOPHER FROST (SBN 200336)
chris@frostllp.com
NICHOLAS LAUBER (SBN 288499)
Nick@frostllp.com
FROST LLP
10960 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024
Telephone: (424) 254-0441
Facsimile: (424) 600-8504

Attorneys for Defendant/Counterclaimant
Christian Lanng

UNITED STATES DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (OAKLAND)

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>vs.<br><br>TRADESHIFT, INC., et al.<br><br>Defendant.<br><br>CHRISTIAN LANNG,<br><br>Counterclaimant,<br><br>vs.<br><br>JANE DOE; BRYAN J. FREEDMAN; MILES COOLEY and FREEDMAN, TAITELMAN, & COOLEY, LLP; and DOES 1 through 10, inclusive,<br><br>Counterdefendant. | Case No. 4:24-cv-00166-JST<br><br>*Judge Jon S. Tigar*<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT/ COUNTERCLAIMANT CHRISTIAN LANNG TO SET ASIDE ENTRY OF DEFAULT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Fed. R. Civ. P. 55(c)]**<br><br>Filed concurrently with Declaration of Nicholas Lauber; [Proposed] Order<br><br>Date: February 4, 2027<br>Time: 2:00 p.m.<br>Crtrm.: 5<br><br>Trial Date: None Set |



FROST

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 4, 2027, at 2:00 p.m., or as soon thereafter as this matter may be heard, in Crtrm. 5 of the above-captioned Court, located at 1301 Clay Street, Oakland, California 94612, Defendant Christian Lanng ("Lanng") will and hereby does move this Court, pursuant to California Code of Civil Procedure Section Fed. R. Civ. P. 55(c), to grant his Motion to Set Aside Default.

Lanng makes this motion on the grounds that excusable neglect exists in accordance with FRCP Rule 60(b)(1) because: (a) Lanng has not engaged in culpable conduct; (b) Lanng has a meritorious defense; and (c) Doe will not be prejudiced.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Nicholas Lauber and all exhibits thereto, all of which are filed concurrently herewith, all of the papers, pleadings, and records on file with the Court in this proceeding, all other matters of which the Court may take judicial notice, and upon such other oral and documentary evidence and argument as may be presented to the Court at or prior to the hearing of this Motion.

DATED: November 16, 2026 FROST LLP

By: */s/ Nicholas Lauber*
CHRISTOPHER FROST
NICHOLAS LAUBER
Attorneys for Defendant/Counterclaimant Christian Lanng

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this Motion, Defendant Christian Lanng ("Lanng"), requests the Court to set aside the default obtained by Plaintiff Jane Doe ("Doe") on November 6, 2026. Dkt. No. 97.

Excusable neglect warrants granting this motion under the liberal standards governing relief from an entry of default. Courts have found that setting aside the entry of default satisfies both the Court's and the parties' interest in deciding a case correctly based on legal and factual merit. *See Pena v. Seguros La Comercial*, 770 F.2d 811, 814 (9th Cir. 1985).

Lanng previously answered the claims asserted against him in this action. The litigation was subsequently stayed pending arbitration between Doe and Tradeshift, Inc. Following resolution of that dispute, this litigation resumed after a nearly two-year stay. During that period, Lanng resided outside the United States and had limited communication with his counsel. A new handling attorney will be taking responsibility for the matter. Lanng is not culpable with respect to the default. Lanng also has a meritorious defense in that Doe is seeking to enforce a contractual agreement that never went into effect and that she herself repudiated by bringing tort claims against Lanng. Lastly, there is no prejudice to Doe as this motion is being brought promptly and will be heard prior to the scheduled Initial Case Management Conference. Accordingly, the default should be set aside.

## II. STATEMENT OF FACTS

This case was filed by Doe on December 7, 2023 and was removed to this court on January 9, 2024. Dkt. 1. The First Amended Complaint alleged five causes of action for sexual assault and battery, sexual trafficking, aiding and abetting sexual trafficking, intentional infliction of emotional distress, and negligence. Dkt. 1. On April 9, 2024, Lanng filed an answer to the First Amended Complaint and his own counterclaims. Dkt. 37 and 38. On August 19, 2024, in conjunction with granting

the motion to compel arbitration brought by Tradeshift, Inc., the court administratively closed this case. Dkt. 77. That arbitration was resolved and Doe brought a motion for leave to file the Second Amended Complaint on June 10, 2026. Dkt. 87. Lanng did not oppose this motion. Dkt. 90. On October 16, 2026, the Court granted Doe's motion for leave to file the Second Amended Complaint and set an Initial Case Management Conference for January 19, 2027. Dkt. 94. Doe immediately filed the Second Amended Complaint. Dkt. 95.

In the Second Amended Complaint, Doe abandoned her tort claims and instead asserts claims for breach of contract and promissory estoppel based on a settlement agreement between Doe and Lanng. See Dkt. 95. The agreement was amended multiple times, but under that agreement "If Lanng fails to make the First Settlement Payment, both Parties shall be released from all of their obligations and restrictions under this Agreement and the Parties' rights, claims, and obligations shall be the same as if this Agreement was never signed." See Dkt. 95-1 (Exhibit A to Second Amended Complaint) at ¶ 4.1. Doe contends Lanng never made the First Settlement Payment. Dkt. 95 at ¶¶ 27, 32, 35, and 38.

During the administrative stay, Lanng and his counsel had limited communication. Declaration of Nicholas Lauber ("Lauber Decl.") ¶ 2. Lanng does not live in the United States and is not a U.S. citizen. Id. at ¶ 3. Communication issues caused Lanng to not fully appreciate the need to timely respond to the Second Amended Complaint. Id. at ¶ 4. This matter will be handled by a new attorney at Frost LLP following the filing of this motion. Id. at ¶ 5.

Due to the communication difficulties between Lanng and his counsel, Lanng failed to respond to the Second Amended Complaint by October 30, 2026. Id. ¶ 6. On November 2, 2026, Doe requested entry of a default on the Second Amended Complaint. Dkt. 96. Lanng and his counsel prepared a response to the Second Amended Complaint, but while that response was being finalized, the clerk entered default against Lanng. Dkt. 97 and Lauber Decl. at ¶ 7.

Lanng's counsel immediately contacted Doe's counsel to request a stipulation setting aside the default and provided a copy of Lanng's proposed answer to the Second Amended Complaint. Id. at ¶ 8, Ex. A. Doe rejected entering into a stipulation but offered to not oppose the motion if Lanng included the following language in the motion "*Plaintiff does not oppose the relief requested in this Motion, but wishes to make clear that she has been prejudiced by Defendant's delay in this action, through which she seeks to enforce Defendant's contractual promise to compensate her made more than four years ago. Plaintiff particularly notes that Defendant, who has been represented by experienced counsel throughout, has been on notice of the amended claims since June 2026 yet elected not to respond within the time prescribed by the applicable rules.*" Id. Lanng does not agree that Doe has suffered any prejudice. Accordingly, the foregoing language is included solely to accurately reflect Doe's position, and Lanng expressly disputes Doe's characterization of the minimal delay as prejudicial.

## III. <u>LEGAL STANDARD</u>

A default may be set aside for "good cause." Fed. R. Civ. P. 55(c). The Ninth Circuit uses three factors to be considered when evaluating whether good cause exists for setting aside a default. A court must consider:

"'(1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) ("*Mesle*") (quoting *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984) ("*Falk*")).

These three factors are disjunctive. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). While a motion to set aside a default may be denied if any one of the factors goes against the defendant, it still is within the District Court's discretion to grant the motion. *Brandt v. Am.*

*Bankers Ins. Co.*, 653 F.3d 1108, 1112 (9th Cir. 2011).

"Judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463 (9th Cir. 1984). Such "extreme circumstances" should be present to justify denying a motion to set aside a default. *Mesle*, 615 F.3d at 1091. The court's discretion to set aside default is "especially broad" where no default judgment has been entered. *O'Connor v. Nevada,* 27 F.3d 357, 364 (9th Cir. 1994).

As a general rule, cases should be decided on the merits as opposed to by default, and therefore any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment. *See* doubt, if any *Schwab v. Bullock's Inc.,* 508 F.2d 353, 355 (9th Cir. 1974).

Additionally, the *Falk* factors are "more liberally applied" where, as here, the defendant is seeking to set aside an entry of default pursuant to Rule 55(c) rather than a default judgment. *See Mesle*, 615 F.3d at 1091, n.l.

## IV. ALL FACTORS WEIGH IN FAVOR OF SETTING ASIDE THE DEFAULT

### A. Lanng Has Not Engaged In Culpable Conduct.

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Mesle,* 615 F.3d at 1092; see also *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987) (defendant "intentionally declined" service). The term "intentionally" means that the movant must have acted with bad faith, such as an "intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1092. Courts have "typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." *Mesle,* 615 F.3d at 1092; It is clear that simple carelessness is not sufficient to treat a negligent failure



FROST

to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default. *Mesle*, 615 F.3d at 1092-93; see also *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009); *Pioneer Investment Services Co. v. Brunswick Associates Ltd*, 507 U.S. 380, 388, 394-95 (1993).

To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case," as "being forced to litigate on the merits" is not considered prejudice. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001) (overturned on other grounds). Potential examples of prejudice include "tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* (quoting T*hompson v. Am. Home Assur. Co.*, 95 F.3d 429, 433-34 (6th Cir. 1996)). No such prejudice would result from setting aside the entry of default against Lanng. Lanng merely seeks to defend himself from the claims against him.

Here, there is no culpable conduct on the part of Lanng. Lanng was not personally served with the Second Amended Complaint. Rather it was served on his counsel. During the substantial delay in the litigation due to arbitration between parties other than Lanng, Lanng's relationship with his counsel deteriorated and communication was sparse. Lanng is neither a U.S. citizen nor a resident of the United States, and his residence abroad contributed to communication difficulties with counsel and his understanding of the status of this litigation. Lanng has already appeared in this litigation by answering the First Amended Complaint. The delay in responding to the Second Amended Complaint is attributable solely to communication difficulties between Lanng and his counsel, which will be remedied by a forthcoming notice of change in handling attorney. This is not a case of intentional delay or gross negligence. Lanng has been participating in this litigation, and there is no strategic advantage to this minor delay. Accordingly, the default should be set aside.

**B. <u>Lanng Has A Meritorious Defense.</u>**

The dispute at issue as described in the Second Amended Complaint is a straightforward claim for breach of a settlement and release agreement. Under that agreement Doe was to receive payment and Lanng was to receive a release, a covenant not to sue, and a covenant not to disclose confidential information. Under that agreement “If Lanng fails to make the First Settlement Payment, both Parties shall be released from all of their obligations and restrictions under this Agreement and the Parties’ rights, claims, and obligations shall be the same as if this Agreement was never signed.” See Dkt. 95-1 (Exhibit A to Second Amended Complaint) at ¶ 4.1.

Here, Doe contends Lanng never made the First Settlement Payment. Dkt. 95 at ¶¶ 27, 32, 35, and 38. Thus, no party was bound by the terms of the settlement agreement. Doe, herself, acted in accordance with not being bound by the agreement by initiating litigation, namely this action for various tort claims. It is only the Second Amended Complaint, filed nearly three years after the litigation was initiated that Doe seeks to enforce it. Lanng has not received any benefit to that bargain. He has been forced to litigate the underlying claims, defend himself against Doe’s allegations, and endure the public disclosure of details concerning his personal life—the very information the settlement agreement was intended to protect. The settlement agreement simply lacks consideration, and Doe has not acted in reliance thereon. Rather she repudiated the agreement herself by initiating the litigation for the underlying tort claims.

“[I]f the plaintiff desires to go back to his original cause of action for tort, it is essential that he effect a rescission of the contract which purports to bar his cause of action. In other words, if he wants to sue on the original tort, he can neither stand on the release agreement nor act in violation thereof, but must move to set it aside.” *Montes v. Peck* 112 Cal.App. 333, 340 (1931). “‘[W]hen a plaintiff seeks to rescind a settlement agreement, he must effectuate that rescission before he is free to pursue

the released claim. '[P]laintiff must restore what he has received in settlement of the disputed claim before suing upon it. He cannot retain the benefits of the release and sue, for to sue would violate the terms of his bargain. To hold otherwise would frustrate the very purpose of the release and destroy its effectiveness as a favored device for eliminating litigation. Hence rescission is necessary; and may be effectively accomplished only by returning the entire consideration received, for if plaintiff should fail to establish his cause of action, he would not be entitled to retain anything.' " *The Merchant of Tennis, Inc. v. Superior Court* 117 Cal.App.5th 1141, 1148–1149, as modified (Mar. 23, 2026), appeal reinstated (Mar. 26, 2026), as modified (Apr. 2, 2026) (2026) citing *Myerchin v. Family Benefits, Inc.*, 162 Cal.App.4th 1526, 1535, (2008), disapproved of on other grounds in *Village Northridge Homeowners Association v. State Farm Fire & Casualty Co.* 50 Cal.4th 913, (2010).

Doe effectively repudiated the settlement agreement when she initiated litigation asserting the underlying tort claims. Having elected to pursue those claims and subject Lanng to the expense of litigation and public disclosure of personal information, Doe should not now be permitted to enforce the same agreement under which Lanng agreed to compensate her in exchange for avoiding those precise consequences.

**C. <u>Doe Would Not Be Prejudiced By Setting Aside The Default.</u>**

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Mesle,* 615 F.3d at 1095; *Falk*, 739 F.2d at 463; see also *Thompson,* 95 F.3d at 433-34 (to be considered prejudicial, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion").

Here, Lanng has filed this motion within ten days of the entry of default. Lanng's counsel reached out to Doe's counsel the day the default was entered seeking to enter into a stipulation to set it aside as the Answer to the Second

Amended Complaint was being finalized at the time of the entry of the default. The default can be set aside before the scheduled Initial Case Management Conference, and doing so will not delay the proceedings or disrupt the current schedule for this matter. There is no prejudice to Doe; rather she will be merely obligated to litigate the matter on the merits moving forward. Accordingly, the default should be set aside.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Lanng respectfully requests that the Court grant his Motion to Set Aside Default.

DATED: November 16, 2026 FROST LLP

By: */s/ Nicholas Lauber*
CHRISTOPHER FROST
NICHOLAS LAUBER
Attorneys for Defendant/Counterclaimant Christian Lanng